# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

VALERIE DUVAL,

    Plaintiff,

v.

WAL-MART STORES EAST, LP,

    Defendant.
_____/

Case No.:

## DEFENDANT'S NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, Defendant, Wal-Mart Stores East, LP ("Wal-Mart"), hereby removes the above-captioned matter from the Seventh Judicial Circuit in and for Volusia County, Florida, to this Court.[1] In support, Wal-Mart states:

### The Removed Case

1. The underlying action was initially filed on or about June 17, 2022, in the Seventh Judicial Circuit in and for Volusia County, Florida, and is captioned *Duval v. Wal-Mart Stores East, LP*, Case No. 2022-10959-CIDL (Fla. 7th Jud. Cir.).

2. As required by 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Wal-Mart in the removed action are attached here as **Exhibit A**.

---

[1] By removing to this Court, Wal-Mart expressly preserves and reserves all defenses otherwise available to it. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 674 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses[.]").

**Removal Is Timely**

3. Wal-Mart was first served in connection with this lawsuit on June 23, 2022. This Notice of Removal is filed within thirty (30) days of the date of service; therefore, the Notice is timely pursuant to 28 U.S.C §1446(b). *See Jones v. Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 810 (11th Cir. 2012) ("each defendant has thirty days from the date of formal service of process to file a notice of removal"); *Bailey v. Janssen Pharm., Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008) ("We hereby adopt the last-served defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to § 1446(b)."); *Hand v. Cargill Fertilizer, Inc.*, 157 F. App'x 230, 232-33 (11th Cir. 2005) ("Because [the defendant] filed the notice of removal within 30 days of [its] receipt of the summons and complaint, the notice of removal was timely under section 1446(b).").

**Venue Is Proper in This Court**

4. This Court is the United States District Court for the district and division in which the removed state-court action is pending. Accordingly, this Court is the appropriate venue for filing this Notice of Removal under 28 U.S.C. § 1446(a).

**General Law Regarding Removal**

5. Except where Congress provides otherwise, any civil action brought in a state court can be removed to the appropriate federal district court, so long as that federal district court has original jurisdiction. 28 U.S.C. § 1441(a). One type of original jurisdiction is diversity jurisdiction. *See generally* 28 U.S.C. § 1332(a). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and there is complete diversity of residency and/or citizenship among all parties. *Id.*

6. A civil action removable solely on the basis of diversity jurisdiction cannot be removed if any of the parties properly joined and served as defendants is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2).

**Complete Diversity of Citizenship Exists Among the Parties**

7. This is a civil action over which the Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court under 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship.

8. Plaintiff, Valerie Duval, is a Florida domiciliary. *See* **Ex. B**, Compl., ¶2 ("Plaintiff, VALERIE DUVAL, is a natural person residing in Volusia County."); *see also, e.g.*, *Smyth v. Hillstone Rest. Grp., Inc.*, No. 13-80217, 2013 U.S. Dist. LEXIS 68408, at *5 (S.D. Fla. May 14, 2013) (proof of Florida domicile may include, *inter alia*, voter registration, home address, driver's license, and automobile registration); *Grant v. Pottinger-Gibson*, No. 0:15-cv-61150-KMM, 2017 U.S. Dist. LEXIS 111695, at *9 (S.D. Fla. July 17, 2017) (explaining that "a party's residence is *prima facie* evidence of a party's domicile" and providing that "[f]actors frequently taken into account when assessing the domicile of a party include, *inter alia*: "the party's current residence," "license and automobile registration," and "situs of personal and real property").

9. Defendant, Wal-Mart, is a foreign corporation organized under the laws of the state of Delaware with its principal place of business in Arkansas. *See* **Ex. B**, Compl., ¶3 (alleging that Wal-Mart is a foreign corporation licensed to do business in Deltona, Volusia County in the State of Florida); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-97 (2010) (explaining that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business" and holding that a corporation's "principal place of business" is its "nerve center").

10. Wal-Mart, therefore, is not domiciled in Florida. Because Plaintiff and Defendant are domiciliaries of different states, complete diversity exists under 28 U.S.C. § 1332. Therefore this Court has original jurisdiction.

### The Amount in Controversy Has Been Satisfied

11. While Plaintiff has indicated that her damages exceed $30,000, her complaint does not specify a precise amount of damages sought. *See* **Ex. B**, Compl., ¶1. That said, Plaintiff's pre-suit demand letter alleged $2,744,800.00 in future pain and suffering damages; $32,160 in past pain and suffering damages; and $20,555.03 in past and present medical expenses. On that basis, Plaintiff's pre-suit demand extended a "Policy Limits" offer to settle for $1,000,000.00. In support of subsequent pre-suit demands, Plaintiff also provided various medical bills owed: $23,000 owed to Park Place Surgery Center; $18,750 owed to Zion Medical Inc.; and $1,925 owed to Anesthesia Professional Services.

12. Because the pre-suit demand letter provides specific information to substantiate Plaintiff's valuation of the claim, it is extremely useful in determining whether the amount in controversy requirement is satisfied. *See Aijde Wanounou, Inc. v. Scottsdale Ins. Co.*, No. 20-cv-23491, 2020 U.S. Dist. LEXIS 154503, at *5-6 (S.D. Fla. Aug. 26, 2020) ("[a] settlement offer will only be entitled to additional weight when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim.").

13. As such, the demand letter, in combination with the Complaint and medical records, are sufficient to demonstrate that the claimed amount in controversy exceeds $75,000:

- *See, e.g.*, *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (amount in controversy satisfied where the plaintiff alleged in a pre-suit

demand letter that it would "suffer hundreds of thousands of dollars in damages and potentially millions of dollars of damages");

- *Wilson v. Target Corp.*, No. 10-80451-CIV, 2010 U.S. Dist. LEXIS 96399, at *8-10, 2010 WL 3632794, at *4 (S.D. Fla. Sept. 14, 2010) (holding that detailed pre-suit demand letter that delineated the extent of alleged injuries, physicians who had treated plaintiff, and medical care received was evidence that claimed damages would exceed $75,000);

- *Henkle v. Cumberland Farms, Inc.*, No. 16-14248-MIDDLEBROOKS, 2016 U.S. Dist. LEXIS 194292, at *4-5 (S.D. Fla. Aug. 19, 2016) ("[L]etters and facts in a pre-suit demand letter are permissible evidence for the Court to consider when evaluating the amount in controversy…. I find that the detail provided in Plaintiffs' Demand Letter shows an honest valuation by Plaintiffs of the damages that they seek to recover in this case." (collecting cases; internal citations omitted)); and

- *Katz v. J.C. Penney Corp.*, No. 09-CV-60067, 2009 U.S. Dist. LEXIS 51705, at *15 (S.D. Fla. June 1, 2009) ("The Court concludes that Defendant has met its jurisdictional burden of establishing the amount in controversy based on information received from Plaintiffs in the pre-suit demand package. In the present case, the Court is persuaded that the pre-suit demand package reflects an honest assessment of damages by Plaintiffs because it is based on medical records provided by the Plaintiff.").

14. Upon review of Plaintiff's demand letter, the letter's attachments, and the Complaint, common sense dictates that the amount sought here far exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)"). Although Wal-Mart

denies Plaintiff's claims, Wal-Mart believes, in good faith, that more than $75,000 is in controversy. Therefore, 28 U.S.C. § 1332(a)'s amount-in-controversy requirement has been met.

## Filing of Removal Papers

15. Under 28 U.S.C. § 1446(d), contemporaneous to the removal of this action, Wal-Mart has provided written notice of removal to Plaintiff's counsel and has filed a Notice of Filing the Notice of Removal with the Seventh Judicial Circuit in and for Volusia County, Florida. A true and correct copy of the Notice of Filing the Notice of Removal is attached as **Exhibit C**.

## CONCLUSION

WHEREFORE, Defendant, Wal-Mart Stores East, LP, respectfully removes this action from the Seventh Judicial Circuit for Volusia County, Florida, to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Should any question arise as to the propriety of this removal, Wal-Mart respectfully requests an opportunity to provide further briefing and oral argument.

## CERTIFICATE OF SERVICE

WE CERTIFY that on July 12, 2022, we e-filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all parties and counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF and via email to the parties on the service list below.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Counsel for Defendant Wal-Mart Stores East, LP
2 Alhambra Plaza, Suite 1110
Coral Gables, Florida 33134
Telephone: 786.353.0210
Facsimile:  786.513.2249

By:  /s/ *Todd Ehrenreich*
TODD EHRENREICH, ESQ.
Florida Bar No.: 945900
NOEL JOHNSON, ESQ.
Florida Bar No.: 14407
LAURA S. CORDELL, ESQ.
Florida Bar No.: 1020228
Todd.Ehrenreich@lewisbrisbois.com
Noel.Johnson@lewisbrisbois.com
Laura.Cordell@lewisbrisbois.com
Yiselle.Coronel@lewisbrisbois.com

## SERVICE LIST

Lina M. Lopez, Esq.
MORGAN & MORGAN, P.A.
444 Seabreeze Boulevard, Suite 100
Daytona Beach, FL 32118
Tel. (386) 947-9959
llopez@forthepeople.com
mvogel@forthepeople.com
*Attorneys for Plaintiff*