IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

CASE NO:

VALERIE DUVAL,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendants.

_____/

## COMPLAINT

Plaintiff, **VALERIE DUVAL**, by and through the undersigned counsel, hereby sues Defendant, **WAL-MART STORES EAST, LP,** and alleges as follows:

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. Plaintiff, **VALERIE DUVAL**, is a natural person residing in Volusia County, Florida.

3. At all times material to this action, Defendant, **WAL-MART STORES EAST, LP,** a Foreign corporation licensed to do business in Deltona, Volusia County in the State of Florida.

4. At all times material hereto, Defendant, **WAL-MART STORES EAST, LP,** was the owner and in possession of that certain business located at 101 Howland Blvd, DeltonA, Florida, including the Plaintiff, **VALERIE DUVAL,** herein.

5. On or about December 31, 2020, Plaintiff, **VALERIE DUVAL,** was shopping inside the store of the Defendant **WAL-MART STORES EAST, LP,** located at 101 Howland Blvd, Deltona, Florida.

6. At said time and place, Plaintiff, **VALERIE DUVAL,** was a lawfully upon the premises of the Defendant, **WAL-MART STORES EAST, LP,** who owed the Plaintiff, **VALERIE DUVAL ,** a duty to exercise reasonable care for her safety.

## COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, WAL-MART STORES EAST, LP,

7. Plaintiff**, VALERIE DUVAL** re-alleges and reasserts the allegations contained within paragraphs one (1) through six (6) as if fully set forth herein.

8. At said time and place, Defendant **WAL-MART STORES EAST, LP,** owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn the Plaintiff of the dangerous condition on their premises.

9. At said time and place, Defendant **WAL-MART STORES EAST, LP,** breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a. Negligently failing to maintain or adequately maintain the flooring inside the subject store, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff
   b. Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;
   c. Negligently failing to inspect or adequately inspect the flooring in the self check out section of the subjected store , as specified above, to ascertain whether the liquid substance on the floor , which was poorly maintained, constituted a hazard

to patrons walking in the store, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d.  Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid substance on the floor of the self-check area of the subjected store, when the Defendant knew or through the exercise of reasonable care should have known that said premises' liquid substance on the floor was unreasonably dangerous and that Plaintiff was unaware of same;

e.  Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the liquid substance on the floor of the self-check section of the subject store, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f.  Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the flooring in the store for dangerous conditions;

g.  Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the floors inside the store for dangerous conditions;

h.  Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i.  Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the floor of the subject store, despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j.  Negligently failing to enforce its stated policy that all associates are responsible for inspecting floors of the store for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k.  Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the floors of the subject premises

l. Negligently failing to assign specific associates/employees to the task of solely monitoring the floors of the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m. Negligently failing to act reasonably under the circumstances;

n. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o. Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p. Negligently failing to install, maintain and provide a safe flooring within the subject premises;

q. Negligently failing to install, maintain and provide a safe flooring surface within the subject premises;

r. Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

s. Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

t. Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

10. As a result, while Plaintiff **VALERIE DUVAL,** was visiting Defendant's business, when she slipped and fell on a liquid substance on the floor of the self-check out section of the store, sustaining significant personal injuries.

11. As a direct and proximate result of the negligence of Defendant, **WAL-MART STORES EAST, LP,** Plaintiff **VALERIE DUVAL,** suffered bodily injury resulting in pain and suffering, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff **VALERIE DUVAL** will suffer the losses in the future.

WHEREFORE, the Plaintiff, **VALERIE DUVAL,** sues the Defendant, **WAL-MART STORES EAST, LP,** for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

**COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, WAL-MART STORES EAST, LP,**

13. Plaintiff **VALERIE DUVAL** reasserts and re-alleges the allegations contained within paragraphs one (1) through six (6) and seven (7) through twelve (12) as if fully set forth herein

14. At said time and place, Defendant **WAL-MART STORES EAST, LP** owned, controlled, and/or possessed the business premises.

15. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant **WAL-MART STORES EAST, LP** owed Plaintiff **VALERIE DUVAL,** a common law non-delegable duty to maintain the premises in a reasonably safe condition.

5

16. At said time and place, Defendant **WAL-MART STORES EAST, LP** breached these duties to Plaintiff **VALERIE DUVAL** by committing one or more of the following omissions or commissions:

   a. Negligently failing to maintain or adequately maintain the store of the store, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   b. Negligently creating a trip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   c. Negligently failing to inspect or adequately inspect the store of the store, as specified above, to ascertain whether the liquid on the floor of the store, which was poorly maintained, constituted a hazard to patrons walking in the store, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d. Negligently failing to inspect or adequately warn the Plaintiff of the danger of the liquid on the floor in the front entrance of the store when the Defendant knew or through the exercise of reasonable care should have known that said premises' interior flooring was unreasonably dangerous and that Plaintiff was unaware of same;

   e. Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the liquid substance on the floor of the subject premise, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

   f. Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the store of the store for dangerous conditions;

   g. Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the liquid on the floor for dangerous conditions;

   h. Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i. Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated on the store floor of the store of the store, despite knowledge of trip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j. Negligently failing to enforce its stated policy that all associates are responsible for inspecting store surfaces for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k. Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the floor of the subject premises

l. Negligently failing to assign specific associates/employees to the task of solely monitoring the store flooring in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions similar to the way in which specific associates/employees were assigned to the task of solely cleaning/sanitizing shopping carts and/or handbaskets or counting the number of guests entering/exiting the premises during the COVID-19 pandemic as safety precautions;

m. Negligently failing to act reasonably under the circumstances;

n. Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o. Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community;

p. Negligently failing to install, maintain and provide a safe floor surface within the subject premises;

q. Negligently selecting and/or utilizing flooring that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring;

r. Negligently selecting and/or utilizing flooring that failed to properly disperse or dissipate liquid substances, acting to make the flooring slick like ice, when, based

on Defendant's experience, Defendant knew or should have known spills were likely to occur on the flooring; and

s. Negligently selecting and/or utilizing flooring that failed to tolerate liquid substances and/or moisture, acting to make the flooring slick like ice, when, based on Defendant's experience, Defendant knew or should have known liquid substances and/or moisture were likely to occur on the flooring.

17. As a result, while Plaintiff **VALERIE DUVAL,** was visiting Defendant's business, she slipped and fell on a liquid substance on the floor, sustaining significant personal injuries.

18. As a direct and proximate result of the negligence of Defendant, Plaintiff **VALERIE DUVAL** suffered bodily injury resulting in pain and suffering, disability, mental anguish, loss of the capacity for the enjoyment of life, expense medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff **VALERIE DUVAL,** will suffer the losses in the future.

WHEREFORE, the Plaintiff, **VALERIE DUVAL** sues the Defendant, **WAL-MART STORES EAST, LP,** for damages and demands judgment in excess of Thirty Thousand Dollars ($30,000.00), plus interest and costs, and demands trial by jury of all issues so triable.

RESPECTFULLY submitted this 17th day of June, 2022

/s/ Lina M. Lopez            .
Lina M. Lopez, Esquire
FBN: 0610542
Morgan & Morgan, P.A.
444 Seabreeze Blvd, Suite 100
Daytona Beach, FL 32118
Telephone:   (386) 947-9959
Facsimile:   (386) 281-4785

Primary email: LLopez@forthepeople.com
Secondary email: mvogel@forthepeople.com
Attorneys for Plaintiff